## SPACKMAN VS. McCORMICK.

. Where service of notice of filing a copy of book entries is defective, a judgment will be sustained if the defendant admits actual knowledge of the filing.

Error to Common Pleas No. 4, of Philadelphia County. No. 146 July Term, 1883.

The rule of Court provided that where the copy of book entries, &c., has not been filed within a week after the return day; the defendant, or his attorney, shall have 48 hours notice of filing the copy of book entries before judgment for want of a sufficient affidavit of defence shall be taken. Judgment was taken for want of an affidavit of defence upon filing an affidavit that notice was left at the office of defendant's counsel. After judgment had been taken an affidavit of defense was filed, which was sworn to by the defendant on the day the copy of claim was filed, and referred to the copy of claim filed. Defendant's attorney made affidavit that he was not aware that the notice of filing copy of claim had been served at his office. The Court refused to open the judgment.

*Andrew Zane, Esq.,* for plaintiff in error.

*J. W. Mercur, Esq., contra.*

The Supreme Court affirmed the judgment of the Common Pleas on January 1st, 1884, in the following opinion,

. Per Curiam :

There is no merit in the first assignment of error, and the refusal of the Court averred in the second is not reviewable here. The main question argued is the insufficiency of the service of the notice of the filing of the claim. Conceding this to be defective, yet we think it is cured by evidence of actual notice. The record shows the copy of the book account was filed on April 13, 1883, also on the same day that the plaintiff in error perfected his bail by giving the requisite security for an appeal, and the agreement was filed amending the record as to his name. These three contemporaneous acts indicate that the plaintiff in error had knowledge that the claim was filed. The record, however, does not stop with this presumption. After judgment was taken he filed an affidavit called one of defence. It was sworn to by him on the same 13th of April. He therein refers to "the plaintiff's claim, a copy of which is filed." He thus testifies under oath on that day, to his positive knowledge, that the claim was filed.

Judgment affirmed.